# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 20-425

STATE OF LOUISIANA

VERSUS

KORRI DEVON THORNTON

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, NO. 341,448
HONORABLE MARY LAUVE DOGGETT, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

## JOHN D. SAUNDERS
## JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of John D. Saunders, Candyce G. Perret, and Jonathan W. Perry, Judges.

**CONVICTION AND SENTENCE VACATED;
REMANDED WITH INSTRUCTIONS.**

**J. Phillip Terrell, Jr.**
**District Attorney**
**Ninth Judicial District Court**
**Catherine L. Davidson**
**Assistant District Attorney**
**P. O. Box 7358**
**Alexandria, La 71306-7358**
**(318) 473-6650**
**COUNSEL FOR PLAINTIFF/APPELLEE:**
    **State of Louisiana**

**Paula C. Marx**
**Louisiana Appellate Project**
**P. O. Box 82389**
**Lafayette, LA 70598-2389**
**(337) 991-9757**
**COUNSEL FOR DEFENDANT/APPELLANT:**
    **Korri Devon Thornton**

**SAUNDERS, Judge.**

Defendant, Korri Devon Thornton, was charged by bill of information with second degree murder, a violation of La.R.S. 14:30.1, and possession of a firearm by a convicted felon, a violation of La.R.S. 14:95.1. After pleading not guilty to the charges, Defendant was tried by a jury and convicted of both charges; although the verdict on Defendant's possession of a firearm by a convicted felon was by unanimous jury, the second degree murder conviction was not. For his conviction of second degree murder, the trial judge sentenced Defendant to life imprisonment at hard labor without benefit of parole, probation, or suspension of sentence. For his conviction of possession of a firearm by a convicted felon, the trial judge sentenced him to serve ten years at hard labor without benefit of parole, probation, or suspension of sentence. The trial court ordered that the sentences were to run concurrently.

## FACTS:

On June 10, 2018, Defendant, a convicted felon, shot the victim, LaShun Henderson, after the victim arrived at a store parking lot where Defendant and his friends had been playing dice. LaShun Henderson died at the scene.

## ERRORS PATENT:

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed by this court for errors patent on the face of the record. After reviewing the record, we find there is one error patent involving the non-unanimous jury verdict for count one. We will address this issue in Defendant's Assignment of Error. Additionally, we note an error patent involving the sentence imposed for count two. Finally, we note an error patent involving the advice given by the trial court regarding the time for filing post-conviction relief.

As for the error patent involving the sentence for count two, the sentencing court was required to impose a fine of not less than one thousand dollars nor more than five thousand dollars for Defendant's conviction of possession of a firearm by a convicted felon. La.R.S. 14:95.1. The trial court failed to impose the mandatory fine, rendering the sentence for possession of a firearm by a convicted felon illegally lenient. However, this court will not consider an illegally lenient sentence unless it is an error raised on appeal. *State v. Mayfield*, 18-420 (La.App. 3 Cir. 12/6/18), 261 So.3d 101, *writ denied*, 19-46 (La. 5/28/19), 273 So.3d 316.

Additionally, the transcript of sentencing indicates the trial court failed to properly advise Defendant of the time limitation for filing an application for post-conviction relief. According to the transcript, the trial court informed Defendant that he had "32 years" to file applications for post-conviction relief after the judgment of conviction and sentence became final. Louisiana Code of Criminal Procedure Article 930.8 provides the defendant has *two* years after the conviction and sentence become final to seek post-conviction relief. Although the minutes state the trial court informed Defendant he had "(2) years to file a Motion of Post Conviction Relief," the transcript prevails when it conflicts with the minutes. *State v. Wommack*, 00-137, (La.App. 3 Cir. 6/7/00), 770 So.2d 365, *writ denied*, 00-2051 (La. 9/21/01), 797 So.2d 62. Even though the "32-year" comment may be a typographical error rather than an actual erroneous statement by the trial court, out of an abundance of caution, we direct the trial court to inform Defendant of the provisions of La.Code Crim.P. art. 930.8 by sending written notice to Defendant within ten days of the rendition of this opinion and to file written proof in the record that Defendant received the notice. *State v. Williams*, 19-718 (La.App. 3 Cir. 5/6/20), 298 So.3d 326, *writ denied*, 20-644 (La. 11/4/20), 303 So.3d 649.

**ASSIGNMENT OF ERROR:**

Defendant's conviction for second degree murder was returned by a nonunanimous jury. Accordingly, he contends his conviction should be vacated as required by *Ramos v. Louisiana*, 590 U.S. ——, 140 S.Ct. 1390, 206 L.Ed.2d 583 (2020). The State agrees with Defendant's argument.

Although the concurring justices in *Ramos* did not join in all parts of the majority opinion, the Supreme Court unambiguously determined that nonunanimous verdicts are not permitted by the Sixth Amendment to the United States Constitution. The prohibition applies to the states through the Fourteenth Amendment. *Id.* at p. 1397; *see also* concurrences by Justices Sotomayor, Kavanaugh, and Thomas. The decision applies to cases pending on direct review.

Defendant's case was still in the process of direct review at the time of the *Ramos* decision. Thus, *Ramos* applies and requires Defendant's conviction for second degree murder by a nonunanimous jury to be vacated.

**CONCLUSION:**

We vacate Defendant's conviction and sentence for second degree murder and remand the case for a new trial pursuant to *Ramos*. Additionally, as to the conviction for possession of a firearm by a convicted felon, we direct the trial court to inform Defendant of the provision of La.Code Crim.P. art. 930.8 by sending written notice within ten days of the rendition of this opinion and to file written proof in the record that Defendant received the notice.

**CONVICTION AND SENTENCE VACATED; REMANDED WITH INSTRUCITONS.**